Jay M. Mann (State Bar No. 005823)
Robert J. Berens (State Bar No. 012056)
**MANN, BERENS & WISNER, LLP**
2929 North Central Avenue, Suite 1600
Phoenix, Arizona 85012
Telephone: 602-258-6200
Fax:         602-258-6212
E-mail:   jmann@mbwlaw.com
             rberens@mbwlaw.com

Clark B. Fetzer, Esq.
Kevin R. Watkins
**RINEHART, SIMONSEN & FETZER**
4 Triad Center
Suite 800
305 West North Temple
Salt Lake City, UT 84180
Telephone: 801-328-0266
Fax:         801-328-0269

Attorneys for Electric Power & Control Corporation

U. S. DISTRICT COURT - DE
MISC. CASE # 06-82

FILED
2006 APR 19 PM 2:20
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

RECEIPT
#143134
$39.00

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>BENECO ENTERPRISES, L.L.C., a Utah limited liability company,<br><br>Debtor-in-Possession.<br><br>SSN/Tax ID # 73-1644619 | Bankruptcy No. 02-20637<br><br>Adv. No. 03P 2198WTT<br><br>Chapter 11<br><br>Honorable William T. Thurman |
| BENECO ENTERPRISES, L.L.C.,<br><br>Plaintiff,<br>v.<br><br>ELECTRICAL POWER & CONTROL CORPORATION, an Arizona corporation,<br><br>Defendant. | **CONSOLIDATED ISSUES**<br><br>Adv. Pro. No. 04-02091<br>Adv. Pro. No. 04-02075<br>Adv. Pro. No. 03-02198<br>Adv. Pro. No. 04-02073<br>Adv. Pro. No. 04-02085<br>Adv. Pro. No. 04-02098<br>Adv. Pro. No. 04-02060<br><br>**SUBPOENA DUCES TECUM** |

THE UNITED STATES BANKRUPTCY COURT TO:   The IT Group, Inc.
c/o its Registered Agent
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801
(302) 658-7581

**YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

DATE AND TIME:            May 12, 2006 at 11:00 a.m. (PST)

PLACE OF APPEARANCE:      Parcels Inc.
                          230 North Market Street
                          Wilmington, DE  19801

DOCUMENTS TO PRODUCE:

    **See Exhibit "A" attached hereto and incorporated herein by this reference.**

You have been subpoenaed by Defendant Electric Power & Control Corporation, whose attorney's name, address and telephone number is:

Robert J. Berens
Mann, Berens & Wisner, LLP
**2929 North Central Avenue, Suite 1600**
Phoenix, Arizona  85012
(602) 258-6200

**GREETINGS:**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce for inspection and copying the designated books, documents or tangible things in your possession, custody or control as specified in the attached Exhibit "A" to undersigned counsel at the place of appearance identified above.

Rule 45 requires that the text of subdivisions (c) and (d) of the rule appear in the subpoena. Those subdivisions read as follows:

**Protection of Persons Subject to Subpoenas.**

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause(c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is

addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**Contempt.**

Failure by any person without adequate excuse to obey a subpoena served upon that person may deemed in contempt of the court from which the subpoena issued. An adequate cause for failure to ob exists when a subpoena purports to require a non-party to attend or produce at a place not within t limits provided by clause (ii) of subparagraph (c)(3)(A).

DATED this 18 day of April, 2006.

MANN, BERENS & WISNER, L.L.P.

By: /s/ Jay M. Mann
Jay M. Mann
Robert J. Berens
Attorneys for Electric Power & Control Corporation

## EXHIBIT "A" TO SUBPOENA DUCES TECUM

## DEFINITIONS

A.   "Documents" refers to any writing, drawing, graph, chart, photograph, phono-record, and any other data compilation from which information can be obtained, translated, if necessary, to a reasonably usable form when translation is practicably necessary, and includes without limiting the generality of the foregoing a statement, memorandum, record, instrument, computer print-out, report, diagram, map, picture, film, invoice, letter, contract, financial statement, outline, book or pamphlet, diary, job notebook, or deposition transcript. In addition, the term includes any copy which differs in any respect from the original or other version of the document, such as copies containing notations, insertions, corrections, or any other variations.

B. "Electronic Documents" means all electronic data information files, including emails, relating to the foregoing, which includes, but is not limited to:

1. **online storage media** - media connected at all times to a computer holding data that is immediately available, such as hard drives in PCs and network storage devices, and personal digital assistants (such as Palm Pilots) or Blackberries when such data is not duplicative of data retrieved from other sources;

2. **near-line storage media** - media connected to a computer and available within minutes, such as disk and tape libraries;

3. **offline storage devices** - devices not connected to a computer, such as floppy disks and CDs;

4. **back-up tapes** - magnetic tapes that contain a copy of information stored on a computer's hard disk/server; and

5. **residual data** - data that has been marked for deletion or is damaged but that has not yet been erased or overwritten.

C.   "Person" refers to any individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, or other such entity.

D.   "Communication" shall refer to any manner or means of a disclosure, transfer, or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

E.  "You" or "your" refers to the person(s) to whom this request is directed.

**NOTE:**

In the event you seek to withhold or do withhold any document, in whole or in part, on the basis that it is not subject to discovery, produce a list of all such documents and, as to each such document, state: (a) the name of each author, writer, sender or initiator of the document; (b) the name of each recipient, addressee or party to whom such document was sent or intended to be sent; (c) the name of each and every person who received a copy of the document; (d) the date of the document or, if no date appears on the document, when the document was prepared; (e) the title of the document, or if it has no title then such other description of the document and (f) the grounds claimed for withholding the document from discovery (i.e. any claim of privilege, work product, or any other recognized grounds), and the factual basis for such claims.

## DOCUMENTS TO BE PRODUCED

1. Any and all records of the The IT Group, Inc. ("ITG") Cash Management System reflecting the daily sweeps of Beneco Enterprises, L.L.C.'s ("Beneco") general bank accounts from September 1, 2001 to January 11, 2002 ("Beneco's Petition Date").

2. All Documents and/or Electronic Documents that relate to ITG making payment of Beneco's vendors and subcontractors from September 1, 2001 to Beneco's Petition Date.

3. All Documents and/or Electronic Documents that reflect ITG's transfers and disbursements of the monies sweep from Beneco's bank accounts during the 90 days prior to Beneco's Petition Date.

4. All Documents and/or Electronic Documents that reflect ITG's transfer of funds into Beneco's bank accounts from September 1, 2001 to Beneco's Petition Date.

5. All Documents and/or Electronic Documents that relate to ITG's intercompany account assigned to Beneco and receipts of disbursements made to or on behalf of Beneco.

6. All Documents and/or Electronic Documents that were communications between Beneco and ITG during the 90 days prior to Beneco's Petition Date that related to Beneco's payment directions to ITG for payment of Beneco's vendors and/or subcontractors.

7. All Documents and/or Electronic Documents that relate to ITG making monies available for the benefit of Beneco from September 1, 2001 to Beneco's Petition Date.

       8. All Documents and/or Electronic Documents that relate to Beneco submitting reviewed and approved invoices, from September 1, 2001 to Beneco's Petition Date into ITG's centralized electronic general ledger and accounts payable system (Management Information System) maintained by ITG.

       9. All Documents and/or Electronic Documents that reflect Beneco submitting list(s) of subcontractors and vendors to ITG from September 1, 2001 to Beneco's Petition Date.